# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN IFEOLUWA ONIMOLE,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:18-CR-492-8-WMR-CCB |

## FINAL REPORT AND RECOMMENDATION

Defendant John Ifeoluwa Onimole is charged with conspiring to commit money laundering (Count 1) and two substantive counts of money laundering (Counts 18 and 19). (Doc. 149). He filed a motion to dismiss Counts 1 and 19, arguing that the superseding indictment does not set forth any conduct or overt acts attributable to him. (Doc. 241). The Government filed a response, (Doc. 257), Defendant did not file a reply, and the matter is now ripe for resolution. For the reasons set forth below, I **RECOMMEND** that the motion to dismiss be **DENIED**.

I. **The Superseding Indictment**

Count 1 of the Superseding Indictment charges Defendant with conspiring to commit money laundering. (Doc. 149 at 1). It alleges that from at least in or about

February of 2017, and continuing through in or about September of 2018, in the Northern District of Georgia and elsewhere, Defendant (as well as his four co-defendants) "did knowingly combine, conspire, agree, and have a tacit understanding with one another" and four other named individuals to commit an offense against the United States, that is:

> (a) to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and
>
> (b) to knowingly engage and attempt to engage in, and cause the engagement in, monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; in violation of Title 18, United States Code, Section 1957.

(Doc. 1 at 1–3). The superseding indictment goes on to allege that the conspirators (including Defendant) "were all residents of the Atlanta metro area who served as money launderers for other conspirators throughout the country and world who

conducted [business email compromise] and romance fraud schemes targeted at companies and individuals across the United States." *Id.* at 5. It alleges that the conspirators communicated with one another to coordinate their activities and worked together to launder funds obtained through the business compromise and romance schemes; set up personal and business bank accounts to receive funds acquired through the schemes; registered sham companies and then opened bank accounts in the names of those companies; and quickly dispersed funds from those bank accounts through wire transfers, checks, and cash withdrawals to other bank accounts not associated with the fraud schemes in an attempt to conceal the source of the funds obtained through the illegal schemes. *Id.* at 5–6. Count 1 charges that Defendant's actions violated Title 18, United States Code, Section 1956(h). (Doc. 149 at 6).

Counts 18 and 19 charge substantive money-laundering violations. *Id.* at 17–19. For those counts, the superseding indictment alleges that Defendant, along with co-defendants Ahamefule Aso Odus and Uchechi Chidimma Odus,

> aided and abetted by one another, and by another person known to the grand jury, to wit, Chinedu Obilom Nwakudu, did knowingly engage and attempt to engage in, and cause the engagement in, the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a

3

specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date | Transaction Type | Source Account | Recipient | Amount |
|---|---|---|---|---|---|
| 18 | July 27, 2018 | Purchase of cashier's check #5531685987 | SunTrust account ending 3109 | UCHECHI ODUS | $20,450 |
| 19 | July 27, 2018 | Purchase of cashier's check #5531685988 | SunTrust account ending 3109 | JOHN ONIMOLE | $22,230 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

(*Id.* at 18–19). As to the substantive counts, the superseding indictment identifies a victim company (B.C.L.) that sold products at retail stores throughout the United States. *Id.* at 17. On or about July 26, 2018, a representative of B.C.L. received an email purporting to be from an employee of a vendor company that B.C.L. did business with, but which was actually from an imposter. *Id.* The email provided B.C.L. with updated bank account information for the vendor company, and that same day B.C.L. sent a $46,450.85 wire transfer to the new account. *Id.* at 17–18. The account was controlled by Chinedu Obilom Nwakudu. *Id.* at 18.

The next day, co-defendant Ahamefule Aso Odus directed Nwakudu to withdraw the illegally obtained funds from the account. *Id.* Nwakudu went to a

bank branch in the Northern District of Georgia and purchased two cashier's checks—both of which are identified in the indictment by number and amount. *Id.* at 18–19. One of the cashier's checks was made payable to Defendant and one was made payable to co-defendant Uchechi Chidimma Odus. *Id.* at 18.

## II.     Analysis

The Federal Rules of Criminal Procedure provide that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Chalker*, 966 F.3d 1177, 1190 (11th Cir. 2020) (internal quotation marks omitted). "And when an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *Id.* (internal quotation marks omitted). "Nevertheless, even when an indictment 'tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense with which he is charged.'" *United States v. Durrett*, 524 F. App'x 492, 493

(11th Cir. 2013) (alteration omitted) (quoting *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003)).

In judging the sufficiency of an indictment, the Eleventh Circuit has cautioned that courts should give the charging document "a common sense construction, and its validity is to be determined by practical, not technical, considerations." *Chalker*, 966 F.3d at 1190 (internal quotation marks omitted). In considering a motion to dismiss, the court "is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original). This is so because "a court may not dismiss an indictment on a determination of facts that should have been developed at trial." *Id.* (internal quotation marks and alteration omitted); *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (noting that there "is no summary judgment procedure in criminal cases" and that the Federal Rules of Criminal Procedure do not provide "for a pre-trial determination of sufficiency of the evidence" (internal quotation marks omitted)). "Furthermore, an indictment for conspiracy need not be as specific as an indictment for a substantive count." *United States v. Harrell*, 737 F.2d 971, 975 (11th Cir. 1984).

6

Defendant argues that the conspiracy charged in Count 1 "does not include any conduct or overt act attributed to" him. (Doc. 241 at 1). He further maintains that, as to Count 19, the superseding indictment does not allege that he personally committed any act or omission. *Id.* at 2. He argues that, as to both counts, he "could not have acted with any criminal intent or participated in the crime without committing some act or omission." *Id.*

The Government maintains that Count 1 tracks the language of the statute, notifies Defendant of the offense charged, and enables him to plead double jeopardy in a future prosecution for the same offense. (Doc. 257 at 5). And it makes largely the same argument as to Count 19. *Id.* at 7.

Initially, the Court rejects Defendant's argument that Count 1 of the superseding indictment fails because it does not identify an overt act attributable to him. Section 1956(h) does not require the Government to prove an overt act and, therefore, one need not be alleged in the indictment. *Whitfield v. United States*, 543 U.S. 209, 211 (2005) ("These cases present the question whether conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), requires proof of an overt act in furtherance of the conspiracy. We hold that it does not.").

Nor is Count 1 otherwise subject to dismissal. It sets forth the essential elements of a money laundering conspiracy, alleging that Defendant knowingly conspired with eight other identified people (four co-defendants and four others) to commit money laundering violations. (Doc. 149 at 1–3); *United States v. Martinelli*, 454 F.3d 1300, 1310 (11th Cir. 2006) ("To obtain a conviction for a money laundering conspiracy the government bears the burden of proving beyond a reasonable doubt that: (1) two or more persons agreed to commit a crime, in this case a money laundering violation; and (2) that the defendant, knowing the unlawful plan, voluntarily joined the conspiracy." (internal quotation marks and alterations omitted)). It identifies the co-conspirators by name, the dates of the conspiracy, where the conspiracy occurred (the Northern District of Georgia), and the manner and means the conspirators used to accomplish their objectives. Nothing more is required. *See, e.g.*, *United States v. Yonn*, 702 F.2d 1341, 1349 (11th Cir. 1983) (finding a conspiracy indictment sufficient that set forth the elements of the crime, the identities of the co-conspirators, and the time frame and locale of the conspiracy).

Nor does the Court agree with Defendant's argument that the superseding indictment fails to identify any conduct attributable to him. (Doc. 241 at 1). Indeed, the indictment explains how the defendants and the conspirators (of whom

Defendant is one) communicated with one another, registered sham companies to use as the purported owners of bank accounts, set up personal and business bank accounts to receive funds from business email compromise and romance fraud schemes, and dispersed funds from those accounts to others in an attempt to conceal the source of the illegally-obtained money. (Doc. 149 at 5–6). The indictment is more than sufficient to notify Defendant of the charges against him in Count 1 and to allow him to assert double jeopardy protections in a subsequent prosecution for the same offense. *See Chalker*, 966 F.3d at 1190. Instead, what Defendant seems to be seeking is for the Government to lay out its evidence in the superseding indictment, which the law simply does not require. *See Salman*, 378 F.3d at 1268 (noting that the Federal Rules of Criminal Procedure do not provide "for a pre-trial determination of sufficiency of the evidence" (internal quotation marks omitted)). Defendant's motion to dismiss Count 1 of the superseding indictment should be denied.

A similar analysis applies to the charge in Count 19. There the superseding indictment charges that Defendant and two others, aided and abetted by one another and by an identified third person, engaged in monetary transactions involving criminally-derived property of a value greater than $10,000 that was derived from a specified unlawful activity, in violation of 18 U.S.C. §§ 2, 1957.

9

(Doc. 149 at 18–19). The superseding indictment sufficiently states the elements of a Section 1957 money laundering charge. *See United States v. Forehand*, 577 F. App'x 942, 947 (11th Cir. 2014) (holding that to "convict a defendant of money laundering under 18 U.S.C. § 1957, the government must prove that: (1) the defendant knowingly engaged or attempted to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000, and (2) the property is derived from specified unlawful activity" (internal quotation marks and alterations omitted)). The charging document further identifies the date of the transaction, the amount and number of the relevant cashier's check, the source account number, and the recipient of the cashier's check. (Doc. 149 at 19). Simply put, the superseding indictment lays out the elements of the offense, notifies Defendant of the charges against him, and allows him to plead double jeopardy in the future. The law does not require more.

Nor is the Court persuaded by Defendant's argument that the superseding indictment fails to allege that he committed any act or omission. (Doc. 241 at 2). In fact, it alleges that he and others, aiding and abetting one another, engaged in a specifically identified monetary transaction involving funds from a wire fraud scheme, which the superseding indictment describes in some detail. (Doc. 149 at 19). Whether the evidence at trial is sufficient for the Government to meet its

10

burden to convict Defendant of the charge in Count 19 is a question for another day—for present purposes, the Government need only present the essential elements of the charged offense, notify Defendant of what he has to defend against, and enable him to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *See Chalker*, 966 F.3d at 1190. It has done so, and Defendant's motion to dismiss Count 19 should be denied.[1]

### III. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Counts 1 and 19 of the superseding indictment, (Doc. 241), be **DENIED**. There are no other pretrial motions related to Defendant John Ifeoluwa Onimole pending before the undersigned, and his case is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED,** this 20th day of November, 2020.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant does not move to dismiss Count 18. Even if he did, however, the analysis as to Count 18 would be the same as the analysis as to Count 19—the only difference between the two counts is the specific cashier's check that is the subject of the count.