## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION NO. |
| v. | 1:18-CR-00492-WMR-CCB-8 |
| | |
| JOHN IFEOLUWA ONIMOLE | |

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 261], which recommends that the Defendant's Motion to Quash or Dismiss the Indictment [Doc. 241] be DENIED. Defendant has filed objections to the R&R [Doc. 263].

## I.   LEGAL STANDARD

Under 28 U.S.C. §636(b)(1), the Court reviews the R&R for clear error if no objections are filed by either party within 14 days after service. 28 U.S.C. §636(b)(1). If a party does file objections, the Court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id; Fed. R. Civ. P. 72(b). Since Defendant filed timely objections to the R&R in this case, the Court reviews the challenged portions of the R&R *de novo* and the remainder of the R&R for clear error.

## II.   <u>BACKGROUND</u>

The factual background of this case is set forth in the R&R, and those facts are fully incorporated herein by reference. [*See* Doc. 261]. To summarize, Defendant Onimole was indicted for his alleged participation in a money laundering scheme, including criminal conspiracy charges as well as substantive money laundering charges. [*See* Doc. 149].

Count 1 of the indictment charges the Defendant with conspiracy to commit money laundering. [*See* Doc. 149 at 1-6]. The indictment alleges that from at least in or about February of 2017, and continuing through at least in or about September of 2018, in the Northern District of Georgia and elsewhere, Defendant Onimole (along with his four co-defendants) "did knowingly combine, conspire, agree, and have a tacit understanding with one another" and with four other named individuals to commit the offense of money laundering involving proceeds derived from unlawful activities in violation of 18 U.S.C. §1956(a)(1)(B)(i), 18 U.S.C. §1343 and 18 U.S.C. §1957. [Doc. 149 at 1-3].

The indictment specifically alleges that the Defendant and his co-conspirators "served as money launderers for other conspirators . . . who conducted [business email compromise] and romance fraud schemes targeted at companies and individuals across the United States." [Doc. 149 at 5]. The conspirators communicated with one another and coordinated their activities to launder funds

obtained through the schemes; set up personal and business bank account to receive the funds acquired through the schemes; registered sham companies and opened bank accounts in the names of those companies; and quickly dispersed funds from those bank accounts through, wire transfers, checks, and cash withdrawals to other bank accounts not associated with the fraud schemes in an attempt to conceal the source of the funds. [Doc. 149 at 5-6]. Count 1 charges that Defendant Onimole's above actions in the money laundering scheme violated 18 U.S.C. § 1956(h). [Doc. 149 at 6].

Counts 18 and 19 charge Defendant Onimole with money laundering. [*See* Doc. 149 at 17-19]. The indictment provides that Defendant Onimole:

> [D]id knowingly engage and attempt to engage in, and cause the engagement in, the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343. [Doc. 149 at 19].

The indictment subsequently identifies two transactions that violate 18 U.S.C. § 1343. Count 18 refers to a transaction where a cashier's check (#5531685987) was purchased from a SunTrust account ending in 3109 in the amount of $20,450 and

made out to one of the co-defendants, Uchechi Chidimma Odus. [Doc. 149 at 18-19]. Count 19 refers to a simultaneous transaction where a cashier's check (#5531685988) was purchased from a SunTrust account ending in 3109 in the amount of $20,230 and made out to the Defendant Onimole. [Id.]  The indictment identifies the source of the funds in the SunTrust account as a victim company (B.C.L.), who was fraudulently induced into depositing the funds into the SunTrust account.  [Doc. 149 at 17-18]. The day after the funds were deposited into the SunTrust account, co-defendant Ahamefule Aso Odus directed the account's holder, Chinedu Obilom Nwakudu, to withdraw the funds. [Doc. 149 at 18]. Nwakudu went to a SunTrust branch in the Northern District of Georgia and purchased the two cashier's check identified in Counts 18 and 19. [Doc. 149 at 18-19].

## III.   **DISCUSSION**

Defendant Onimole objects to the Magistrate Judge's R&R because the indictment does not allege any overt acts or omissions attributable to the Defendant in Counts 1 and 19, rendering the indictment unconstitutionally vague under the Fifth Amendment. [*See* Doc. 263 at 2-3]. Upon *de novo* review of the indictment and the arguments presented by the parties, the Court agrees with the Magistrate Judge that the Counts 1 and 19 of the indictment present the essential elements of the charged offenses, notify the Defendant of what he has to defend against, and enable him to rely upon a judgment under the indictment as a bar against double jeopardy

for any subsequent prosecution of the same offense, as required by law. United States, v. Chalker, 966 F.3d 1177, 1190 (11th Cir. 2020).

### A. **Count 1 is Sufficient**

The Defendant contends that Count 1 is deficient because it does not allege that Defendant Onimole personally committed any act or omission in furtherance of the conspiracy. [Doc. 263 at 3-5]. The Defendant argues that without an act or omission Defendant Onimole could not have acted with any criminal intent, aided or abetted the co-conspirators, or otherwise participated in the conspiracy of Count 1. [Doc. 263 at 5]. However, it is well-established law that 18 U.S.C. § 1956(h) does not require the Government to prove, or even allege, an overt act.[1] Whitfield v. United States, 543 U.S. 209, 211 (2005) (holding that conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) does not require proof of an overt act in furtherance of the conspiracy). Therefore, this Court agrees with the Magistrate Judge that the indictment need not allege that Defendant Onimole committed an overt act or omission in order to sufficiently charge him with conspiracy to commit money laundering.

The Court also agrees with the Magistrate Judge that Count 1 is constitutionally sufficient because it (1) presents the elements of conspiracy to commit money

---

[1] 18 U.S.C. § 1956(h) provides: "Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

laundering under 18 U.S.C. § 1956, (2) notifies the Defendant of the charges to be defended against, and (3) provides protection against double jeopardy. <u>Chalker</u>, 966 F.3d at 1190.

### B. Count 19 is Sufficient

The Defendant argues that Count 19 is unconstitutionally vague because it alleges that a check was made out to the Defendant but does not allege that Defendant Onimole committed any overt act that aided and abetted others in the money laundering. [Doc. 263 at 5-6].

However, Count 19 lays out the elements of 18 U.S.C. § 1957[2] and identifies the date of the transaction, the amount and number of the relevant cashier's check, the source account number, and the Defendant as the recipient of the cashier's check. [Doc. 149 at 18-19]. Thus, the indictment (1) presents the essential elements of the charged offense, (2) notifies the Defendant of the charges to be defended against, and (3) enables the Defendant to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. <u>Chalker</u>, 966 F.3d 1177, 1190. The law does not require more at this stage. Unlike civil litigation, the Federal Rules of Criminal Procedure do not provide for a pre-

---

[2] 18 U.S.C. § 1957(a) provides that "Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b)."

trial determination of sufficiency of the evidence. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (citing United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)). The sufficiency of an indictment is determined from its face, and if the indictment is legally sufficient, the government is entitled to present its evidence at trial and have the sufficiency of the evidence challenged at that time. Salman, 378 F.3d at 1268.[3] Therefore, this Court agrees with the Magistrate Judge's ruling that Count 19 of the indictment is sufficient on its face because Count 19 lays out the elements of the offense, notifies the Defendant of the charge, and provides protection against double jeopardy.[4]

## IV.   **CONCLUSION**

After considering the Final Report and Recommendation [Doc. 261] and the Defendant's objections thereto [Doc. 263], the Court receives the R&R with approval and ADOPTS its findings and legal conclusions as the Opinion of this Court.  Accordingly, the Defendant's Motion to Quash the Indictment/Information [Doc. 241] is **DENIED.**

---

[3] The proper avenue for challenging the sufficiency of the evidence in a criminal case is a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. Salman, 378 F.3d at 1268.

[4] The Defendant argues about the insufficiency of Count 18 in his objections to the Magistrate's Ruling [Doc. 263]. However, the Defendant did not move to Quash Count 18 of the indictment in his original motion. [See Doc. 241]. While the Court will not decide whether Count 18 should be quashed, the Court agrees with the Magistrate Judge that a similar analysis would be applied to Count 18. [Doc. 261 at 11 n.1].

IT IS SO ORDERED, this 2nd day of April, 2021.


WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE